Matter of Cipressi (2025 NY Slip Op 25083)

[*1]

Matter of Cipressi

2025 NY Slip Op 25083

Decided on April 7, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 7, 2025
Supreme Court, Erie County

Application for Return of Firearms under CPL §530.14 by Frank Cipressi

SMZ-70343-25

Michael J. Keane
District Attorney, Erie County
Rachel L. Newton, A.D.A.
for the People
Frank Cipressi
Pro Se
M. William Boller, J.

The petitioner has filed an application for return of firearms pursuant to CPL §530.14. The petition was served on the Erie County District Attorney's Office, Erie County Department of Law and the Erie County Pistol Permit Department and ultimately filed with the Erie County Chief Clerk's Office. The petition seeks the return of four items; two pistols and two long guns, both semi-automatic rifles. All four firearms were originally seized pursuant to an order of protection issued against Gregory Cipressi (the son of the petitioner). 
The matter was scheduled for a hearing on March 27, 2025. The petitioner appeared Pro Se. The Erie County District Attorney's office appeared in opposition. The Erie County Department of Law was represented as well. This Court has already ruled as it relates to the two semi-automatic rifles. The semi-automatic rifles are owned by Gregory Cipressi. As Gregory Cipressi is the lawful owner, he must apply for the return of these two firearms. Therefore, the petition as it relates to the two semi-automatic rifles is dismissed with leave to be refilled by the owner.
The Court then turns its attention to the two pistols listed in the petition; a Sig Sauer 226 and a Glock 17. A review of the records of the Erie County Pistol Permit Office records shows the Glock 17 was originally added to the permit of Gregory Cipressi on October 17, 2012. The Sig Sauer 226 was added to the permit of Gregory Cipressi on February 13, 2013. Finally, both pistols were added, through co-registration, to the permit of the petitioner, Frank Cipressi, on January 29, 2025. 
The People have filed written opposition to the petition. The People argue first, that at the time the firearms were originally seized, the petitioner was not a lawful owner and therefore the petitioner lacks jurisdiction and the petition should be dismissed. The People argue this would be nothing more than setting up a strongman owner and violate the purpose of the statute [*2]in keeping victim's safe. The People cite to CPL §§530.14-5(b) and 140.10-6 in support of their position. It should be noted, both of those statutes are mute as it pertains to a co-registrant of a firearm, but rather concern the individual who is subject to an order of protection or arrest for a family offense.
The primary issue before this Court is whether the pistols may be returned to the petitioner who is a lawful co-registrant. 
The powers and duties of a Licensing Officer is found in large part in New York Penal Law §265 and §400. Penal Law §265.00(10) defines a licensing officer as "Licensing officer" means in the city of New York the police commissioner of that city; in the county of Nassau the commissioner of police of that county; in the county of Suffolk the sheriff of that county except in the towns of Babylon, Brookhaven, Huntington, Islip and Smithtown, the commissioner of police of that county; for the purposes of section 400.01 of this chapter the superintendent of state police; and elsewhere in the state a judge or justice of a court of record having his office in the county of issuance. Beyond P.L. §265.00(10), other duties and responsibilities of a licensing officer are found in P.L. §400.00. 
Certain rules and regulations are specifically proscribed by the statute. Other rules and regulations are left to the discretion of the Licensing Officer. "Under New York law, [i]t is well settled that the possession of a handgun license is a *320 privilege, not a right, which is subject to the broad discretion of a firearms licensing officer." Sibley v. Watches, 460 F.Supp.3d 302. Also, "Licensing officers, often local judges,6 are "vested with considerable discretion" in deciding whether to grant a license application, particularly in determining whether proper cause exists for the issuance of a carry license." Kachalsky v. County of Westchester, 701 F.3d 81.As outlined, the Licensing officer has discretion in establishing procedure in their county (that comply with what is specifically proscribed by statute). This is evident in the various rules that differ county to county within New York State. One such example is the issue at play in this case- co-registration of firearms. The rules and procedures governing co-registration varies greatly from county to county. In Erie County, for well over two decades, the rule over co-registration has been consistent. Any valid pistol permit holder registered with the Erie County Pistol Permit Office may co-register a firearm with any other valid pistol permit holder in the state. There is no requirement that the co-registration be amongst immediately family member only, as is the case in some counties. There is also no requirement the co-registrants reside in the same household, as is the case in some counties. In the view of this Court, co-registration is the same as co-ownership. While one of the individuals may have originally purchased the firearm, once it is co-registered, it becomes co-owned by the co-registrant; akin to a joint bank account. While only one individual may possess the firearm at a given time, as we know from other areas of the law, possession and ownership have different meanings. 
The established rules for co-registration are outlined on the Erie County Clerk's website. It states, "As per the Licensing Officer Starting 4/5/2024, all Co-registrations must be completed using the Co-Registration form. Both parties must sign this form in front of a notary public and it then can be mailed or brought into the Pistol Permit Office, all parties do not have to be present when submitting the paperwork. Please remember by co-registering your weapon in Erie County you are giving that person Co-Ownership, the Erie County Clerk's Office does not maintain "an original owner". Each Permit holder wishing to Co-Register must complete a separate form for [*3]each permit affected, the cost to Co-register is $5 per form. No Co-Registrations will be done at gun shows." The site further outlines the policies for co-registrant removal. "As per the Licensing Officer Starting 4/5/2024, all Co-registration removals must be completed using the Co-Registration form. Both parties must sign this form in front of a notary public and it then can be mailed or brought into the Pistol Permit Office, all parties do not have to be present when submitting the paperwork. Please remember by removing yourself from a weapon you are removing your ownership and ability to possess the weapon(s). Each Permit holder wishing to remove a Co-registrant must complete a separate form for each permit affected, the cost to remove a Co-registrant is $5 per form. No Co-Registration removals will be done at gun shows."
As it is left to the Licensing Officer of each county to develop rules and procedures involving pistol permit licensing when they are not specifically proscribed by statute, this county has long allowed for co-registration with any other lawful pistol permit holder in this state. This practice commenced well before 2006 when the current Erie County Licensing Officer first assumed this role. Further, it is the policy in this county that co-registration equals co-ownership. Therefore, the petitioner in this case, as a co-registrant and co-owner of the firearms has standing and jurisdiction to file the petition for a return of firearms as it relates to the two pistols. As the petition was properly filed as it relates to the two pistols, the Court will review the merits of the petition.
The People raise the concern that the co-registration occurred after the firearms were seized pursuant to the order of protection. The ability of an individual to co-register a firearm is not specifically barred by the statutes cited by the People. As Licensing Officer there has never been a time period in which co-registration was barred. The People argued that by allowing co-registration after an order of protection (or by extension any family offense or TERPO/ERPO) the flood gates would open to individuals co-registering their firearms to avoid their seizure by the police. First, this would require a number of steps which includes having another valid pistol permit holder available to co-register the firearms. Further, that other individual would need to reside at a different address as no matter if there is co-registration or not, if one individual in the household is suspended, those firearms cannot be kept at that location or by that other individual. Additionally, over the number of years since the laws cited by the People were passed (depending on the section, between three and five years), there has not been an opening of the floodgates of licensees rushing to co-register their firearms to avoid their seizure by the police or their return to a co-registrant while the legal impediment was still in place for the original owner. The instant case may be the first return of firearms hearing before this Court in which the primary issue was a co-registration occurring after the seizure of the firearms. Clearly, the floodgates have remained closed. This policy concerning co-registration has been in place this entire period.
This leads into the further argument of the People that this would allow for a "strawman owner" of the firearms. It should be noted any firearm must be registered on an individual's pistol permit. There is a record of when a firearm is either purchased, transferred or released by a police agency and who the firearm was turned over to. The argument that the co-registrant (who must be a valid pistol permit holder in good standing) would take possession of the firearms and then return them to the original owner who has current legal impediments prohibiting their possession of the firearms is a concern of the People. This action would jeopardize the standing of the co-registrant who took possession of the firearms, likely resulting in the suspension and [*4]potential revocation of their pistol permit and would further subject the original owner to a class C violent felony offense as they would be possessing a firearm without a valid license. If a firearm was turned over to the prohibited co-registrant, it would be just as easy for the non-prohibited co-registrant to turn over one of their own firearms or simply legally purchase a new firearm and provide it to the prohibited co-registrant. By barring a co-registrant from taking possession of the firearms, it does not necessarily increase the safety of the victim as there are other, equally easy ways for a co-registrant to provide the prohibited co-registrant with a firearm. If the parties involved intend to commit a crime, barring co-registration or the release of firearms to a co-registrant would unlikely have any deterrence. 
It should be noted there are no legal impediments to the petitioner's possession of these firearms. The petition currently has a valid New York State Pistol Permit and is not the subject of any suspensions of that permit. The petitioner is not the subject of any order of protections or TERPO/ERPOS. The two pistols in question are currently registered on the petitioner's permit.
Therefore, as it is legal for an individual to co-register a firearm with another valid pistol permit holder within the state, there is no time barred period for the co-registration to occur and the petitioner is a valid pistol permit holder with no legal impediments to taking possession of the firearms, it is the position of this Court that the petitioner has met their burden that the two pistols may be released to the petitioner. The petitioner is obviously aware that the two pistols may not be transferred to the possession of the co-registrant until (and if) the co-registrant's pistol permit license suspension is lifted. 
HON. M. WILLIAM BOLLER
A.J.S.C.
DATED: April 7, 2025
BUFFALO, NEW YORK